IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**PATRICK BOCARDIA SCOTT**                                   **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:10cv350-TSL-MTP**

**HINDS COUNTY, DEPUTY JAMES INGRAM,**                **DEFENDANTS**
**AND DEPUTY TANAKA PETTIS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*, upon Plaintiff's failure to appear for an omnibus hearing, failure to prosecute, and failure to otherwise comply with an order of the Court. By Order [19] dated April 6, 2011, Plaintiff was ordered to appear before the undersigned at 9:30 a.m. on May 10, 2011 for an omnibus hearing. The docket reflects that this Order was forwarded to Plaintiff via regular United States mail, and was not returned to the Court as undeliverable.[1] Based on the record in this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

Pursuant to Fed. R. Civ. P. 41(b),[2] a trial court has discretionary authority to dismiss an action *sua sponte* for the Plaintiff's failure to prosecute or comply with any order of the Court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031-1032 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars

---

[1] The Order was sent to Plaintiff's address of record, which is: 1554 Gibraltar Dr., Jackson, MS 39204. *See* docket entry [11] for most recent correspondence to Court from Plaintiff.

[2] The rule reads, in pertinent part, as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-631; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Plaintiff Patrick Bocardia Scott, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on June 21, 2010. At the time Plaintiff filed his complaint, he was incarcerated at the Hinds County Detention Center in Jackson, Mississippi. According to correspondence from the Hinds County Sheriff's Office, Plaintiff was released on July 8, 2010. *See* docket entry [7].

Plaintiff has been warned on numerous occasions that his failure to advise this Court of a change of address or otherwise comply with orders of the Court would result in a recommendation that this case be dismissed without prejudice, without further written notice. *See* docket entries [3] [5] [6] [10] [12].

Plaintiff has not filed anything in this case since August 4, 2010. *See* docket entry [11]. Moreover, he failed to appear at the scheduled omnibus hearing as ordered. Therefore, it appears that Plaintiff has lost interest in this matter.

Based on Plaintiff's failure to appear and the clear record of delay in this matter, this case may be properly dismissed under Rule 41(b). *See Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, *supra*, 157 F.3d at 1032 (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

**RECOMMENDATION**

As Plaintiff has failed in his obligations to prosecute his case and to comply with the Court's orders, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge, and the opposing party.  The District Judge at the time may accept, reject, or modify in whole or part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[3]

This the 11th day of May, 2011.

s/Michael T. Parker
United States Magistrate Judge

---

[3]*Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.